IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MANUEL MARTINEZ, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )   Case No. 3:22-cv-2518-DWD |
| | ) |
| ANTHONY WILLS, WARDEN, | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Petitioner's Motion for the Recruitment of Counsel (Doc. 11). Petitioner, an inmate at Menard Correctional Center, filed a Petition for Writ of Habeas Corpus ("Petition") (Doc. 1) under 28 U.S.C. § 2254. Petitioner was convicted by a jury in Champaign County, Illinois, of two counts of aggravated criminal sexual abuse, one count of criminal sexual assault, and one count of predatory criminal sexual assault of a child. (Doc. 1, pg. 1). He was sentenced to 44 years of imprisonment. (Doc. 1, pg. 1).

In the Petition, Petitioner asserts the following: (1) ineffective assistance of counsel for the failure to obtain an expert opinion on the DNA evidence; (2) ineffective assistance of appellate counsel for the failure to argue the ineffective assistance of trial counsel due to the failure to impeach certain witnesses; (3) a due process violation after Petitioner requested but did not receive counsel during an interrogation; (4) ineffective assistance of counsel and a due process violation because the evidence on the essential elements charged was insufficient for a conviction; and (5) a due process violation because hearsay

evidence was impermissibly entered into evidence. (Doc. 1, pgs. 8-17). Given the limited record available and without commenting on the merits, the Court found the Petition survived a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. (Doc. 4). Respondent's answer or other pleading is due February 27, 2023. (Doc. 9). Petitioner's reply is due March 29, 2023. (Doc. 9).

Now, Petitioner seeks the recruitment of counsel. He has contacted 47 different law firms about legal representation. (Doc. 11, pg. 1). However, none of the law firms have been able to assist Petitioner. (Doc. 11, pg. 1). Petitioner notes he has a limited education and limited life experiences. (Doc. 11, pg. 2). As such, Petitioner states he does not have the legal acumen required to assert his constitutional rights. (Doc. 11, pg. 2).

Here, the Court notes there is no constitutional right to counsel on collateral review, *i.e.*, on review of a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Lavin v. Rednour*, 641 F.3d 830, 833 (7th Cir. 2011) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)); *accord Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014). Instead, under Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must appoint legal counsel only if it finds an evidentiary hearing is warranted and the petitioner qualifies for appointed counsel under 18 U.S.C. § 3006A. *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. At this stage, which is prior to any briefing, an evidentiary hearing is not warranted under Rule 8(c).

Further, the Court declines to otherwise exercise its discretion to appoint counsel at this stage in the case. *See* 28 U.S.C. § 2254(h); *see also* 18 U.S.C. § 3006A(2). The following five factors are considered for that issue: (1) whether the merits of the claim are colorable;

2

(2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983) (citing *Merritt v. Faulkner*, 697 F.2d 761, 764 (7th Cir. 1983)).

At this juncture, Petitioner's claims are colorable to the extent that they survived a Rule 4 preliminary review. *See id.*; (Doc. 4). However, it does not appear Petitioner or Respondent will have many "crucial facts" to investigate, as the conviction was examined on direct appeal and in postconviction proceedings. *See Wilson*, 716 F.2d at 418; (Doc. 1, pgs. 2-5). Notably, though, Respondent is required to, *inter alia*, attach "parts of the transcript[s] that…[he] considers relevant" to his response. *See* Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts. The Court may also order the furnishing of other parts of existing transcripts *See id*. For these same reasons, the nature of the relevant evidence is not such that the truth will more likely be exposed if both sides are represented by counsel. *See Wilson*, 716 F.2d at 418. Finally, at this pre-briefing stage, Petitioner has done well to present the case and the legal issues are not so complex as to warrant the appointment of counsel. Therefore, at this stage in the case, Petitioner's Motion for the Recruitment of Counsel is **DENIED without prejudice**.

**SO ORDERED.**

Dated: January 30, 2023

s/ David W. Dugan
DAVID W. DUGAN
United States District Judge

3