IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MANUEL MARTINEZ, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )    Case No. 3:22-cv-2518-DWD |
| | ) |
| ANTHONY WILLS, WARDEN, | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Respondent's Motion to Dismiss as Untimely ("Motion") (Doc. 15) the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition") (Doc. 1). Petitioner filed a Response (Doc. 19) in opposition to the Motion. For the reasons explained below, the Motion is **GRANTED** and the case is **DISMISSED with prejudice**.

Petitioner is an inmate at Menard Correctional Center. (Doc. 1, pg. 1). On February 3, 2012, he was convicted by a jury in Champaign County, Illinois, of two counts of aggravated criminal sexual abuse, one count of criminal sexual assault, and one count of predatory criminal sexual assault of a child. (Doc. 1, pg. 1). On March 7, 2012, Petitioner was sentenced to 44 years of imprisonment. (Doc. 1, pg. 1).

Petitioner appealed the judgment of conviction to the Illinois Appellate Court, Fourth District, on the following grounds: (1) trial counsel was ineffective for failing to file a motion to suppress statements made after the invocation of the right to counsel; (2) Petitioner was denied a fair trial after the trial court impermissibly admitted hearsay

evidence; and (3) the trial court failed to address Petitioner's posttrial allegations of ineffective assistance of counsel based on the failure to obtain an expert opinion on DNA evidence. (Doc. 1, pg. 2). On September 12, 2013, the Illinois Appellate Court affirmed the judgment of conviction. *See People v. Martinez*, 2013 IL App (4th) 120337-U, ¶¶ 1-3; (Doc. 1, pg. 2). Thereafter, Petitioner filed a petition for leave to appeal to the Supreme Court of Illinois and a petition for writ of certiorari to the Supreme Court of the United States, both of which were denied. *See id.*, *petition for leave to appeal denied*, 377 Ill. Dec. 767 (Nov. 27, 2013), *petition for writ of certiorari denied*, 572 U.S. 1069 (April 21, 2014); (Doc. 1, pg. 3).

On October 22, 2014, Petitioner filed a petition for postconviction relief in the trial court of Champaign County. (Doc. 1, pgs. 3-4). That petition for postconviction relief was dismissed on February 1, 2016. (Doc. 1, pg. 4). Petitioner did not appeal. (Doc. 1, pg. 5).

Petitioner filed a successive amended petition for postconviction relief in the trial court of Champaign County on September 27, 2018. (Doc. 1, pg. 4). Petitioner received a hearing on the successive amended petition before it was denied on September 19, 2019. (Doc. 1, pg. 4). Petitioner appealed to the Illinois Appellate Court, Fourth District, which affirmed the denial of postconviction relief. *See People v. Martinez*, 2021 IL App (4th) 190668-U, ¶ 1. Petitioner's subsequent petition for leave to appeal to the Supreme Court of Illinois and petition for writ of certiorari to the Supreme Court of the United States were denied. *See id.*, *petition for leave to appeal denied*, 451 Ill. Dec. 444 (Nov. 24, 2021), *petition for writ of certiorari denied*, 212 L. Ed. 2d 791 (May 16, 2022); (Doc. 1, pg. 5).

Now, the Petition asserts the following grounds for relief: (1) ineffective assistance of counsel for the failure to obtain an expert opinion on the DNA evidence; (2) ineffective

assistance of appellate counsel for the failure to argue the ineffective assistance of trial counsel due to the failure to impeach certain witnesses; (3) a due process violation after Petitioner requested but did not receive counsel during an interrogation; (4) ineffective assistance of counsel and a due process violation because the evidence on the essential elements charged was insufficient for a conviction; and (5) a due process violation because hearsay evidence was impermissibly entered into evidence. (Doc. 1, pgs. 8-17).[1]

Respondent filed the instant Motion on the ground that the Petition is untimely. Respondent notes a petition for a writ of habeas corpus must be filed within 1 year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A); (Doc. 15, pg. 3). In relation to Petitioner's judgment of conviction, Respondent further notes:

> Petitioner's judgment became final on April 21, 2014, when the Supreme Court denied his petition for writ of certiorari. [Citation]. The limitations period then ran for 184 days until October 22, 2014, when petitioner filed his postconviction petition in the state circuit court. [Citation]. The limitations period remained tolled until his postconviction litigation concluded with the Illinois Supreme Court's denial of his postconviction PLA on November 24, 2021. [Citations]. The limitations period then ran for the remaining 181 days until it expired on May 24, 2022. Accordingly, petitioner's October 28, 2022[,] petition is untimely by over five months.

(Doc. 15, pg. 4).

Further, as to equitable tolling, Respondent argues Petitioner cannot justify the untimeliness, as he has not alleged extraordinary circumstances that prevented a timely

---

[1] Petitioner notes certain grounds for relief may not have been exhausted in the Illinois courts. (Doc. 1, pgs. 10-11, 14-15, 18). However, Petitioner attributes this failure to the ineffective assistance of trial, appellate, and/or postconviction counsel. (Doc. 1, pgs. 10-11, 14-15, 18).

3

filing of the Petition and none appear in the record. (Doc. 15, pgs. 4-5). Respondent seeks a grant of the Motion and a denial of a certificate of appealability. (Doc. 15, pg. 5).

In Response, "Petitioner concedes that the dates provided by the State are accurate and that his federal filing with this Court is therefore untimely." (Doc. 19, pg. 4). However, Petitioner states the untimeliness must be equitably tolled. (Doc. 19, pg. 4). Petitioner argues there is no formal process of notifying Illinois prisoners of federal filing requirements, meaning prisoners must seek out those requirements on their own, rely on the assistance of fellow prisoners, or rely on a licensed attorney. (Doc. 15, pgs. 5-7, 9). Petitioner notes he is indigent, cannot afford an attorney, and, due to the nature of his convictions, "has been shunned by his fellow prisoners[] and library aides (inmates)." (Doc. 15, pgs. 6, 9). These circumstances forced him to rely on the instructions of his most recent attorney, who erroneously stated he should "file a petition for writ of certiorari to S.C.O.T.U.S. only, after the denial of his PLA by the Supreme Court of Illinois."[2] (Doc. 15, pgs. 6, 9). Petitioner states he was "obviously diligent" in pursuing his rights and, if not for the faulty advice, "he would have timely file[d] his petition." (Doc. 19, pgs. 7, 9-10).

---

[2]The letter Petitioner received from his attorney is attached to the Response. In part, the letter states:

> Your next step to continue your appeal would be to file a petition for leave to appeal in the Illinois Supreme Court. If that is granted you would argue your case before the Illinois Supreme Court. If the petition for leave to appeal is denied you would need to file a writ of certiorari in the United States Supreme Court. If the writ is granted you would get the opportunity to argue your case in the United States Supreme Court. If the writ is denied, your appeal would conclude as there is no higher court for you to appeal.

(Doc. 19, pg. 12).

4

Moreover, Petitioner notes he has no legal education and only a limited education in general. (Doc. 19, pg. 7). Petitioner did not graduate high school, and "he had no knowledge of ADEPA's [*sic*] deadline requirements[] or that ADEPA [*sic*] applied to him and his case." (Doc. 19, pg. 7). Petitioner states he tested at an 8th grade level on the Test of Adult Basic Education. (Doc. 19, pg. 8). Nevertheless, Petitioner argues he "continued to exude diligence," after being denied relief by the Supreme Court of the United States, by seeking the assistance of fellow prisoners in obtaining relief in federal court. (Doc. 19, pgs. 7-8). Finally, Petitioner submits that Respondent will suffer no prejudice by continuing to the merits of the Petition, as he will remain incarcerated. (Doc. 19, pg. 8).

Now, the Court **FINDS** Petitioner cannot clear the "very high" threshold for an equitable tolling. *See Lombardo v. U.S.*, 860 F.3d 547, 551 (7th Cir. 2017) (quoting *U.S. v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). That relief is granted only sparingly. *See id.* at 553 (quoting *Robinson v. U.S.*, 416 F.3d 645, 650 n. 1 (7th Cir. 2005)). Petitioner is required to show (1) he pursued his rights diligently, and (2) extraordinary circumstances prevented a timely Petition. *See id.* at 551 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Boulb v. U.S.*, 818 F.3d 334, 339-40 (7th Cir. 2016)); *accord Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008). Extraordinary circumstances exist "only when an 'external obstacle' beyond the party's control 'stood in [its] way' and caused the delay." *See Lombardo*, 860 F.3d at 552 (quoting *Menominee India Tribe of Wisconsin v. U.S.*, 577 U.S. 250, 256 (2016)); *see also Moreland v. Eplett*, 18 F.4th 261, (7th Cir. 2021) (" '[G]arden variety' claims are insufficient."). The inquiry is "highly fact dependent" and requires an application of

"flexible standards on a case-by-base basis." *See Socha v. Boughton*, 763 F.3d 674, 683-84, 688 (7th Cir. 2014); *accord Isom v. Neal*, 574 F. Supp. 3d 598, 607 (N.D. Ind. 2021).

Neither a lack of familiarity with the law nor ignorance of legal procedures, such as that claimed by Petitioner, justify an equitable tolling. *See Pigram v. Williams*, 182 F. Supp. 3d 861, 864 (N.D. Ill. 2016) (quoting *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013)); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) (citing *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004)). As such, Petitioner's misunderstanding about the filing deadline was not an impediment, beyond his control, warranting an equitable tolling. *See Pigram*, 182 F. Supp. 3d at 864 (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007); *Arrieta*, 461 F.3d at 867; *Williams*, 390 F.3d at 963; *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003)); *accord Lombardo*, 860 F.3d at 553 (quoting *Robinson*, 416 F.3d at 650 n. 1); *see also Socha*, 763 F.3d at 685 (stating a lack of legal representation, legal training, and legal knowledge, on their own, does not warrant equitable tolling, as these are characteristics of most prisoners and cannot be deemed "extraordinary").

Even if Petitioner's prior attorney could be blamed for providing erroneous advice, which is itself a dubious proposition, "mistakes or miscalculations of that sort by a party's attorney do not satisfy the extraordinary circumstances element for equitable tolling." *See Lombardo*, 860 F.3d at 552 (citing *Holland*, 560 U.S. at 651-52; *Lawrence*, 549 U.S. at 336-37; *Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010); *Robinson*, 416 F.3d at 650 n. 1; *Rouse v. Lee*, 339 F.3d 238, 248-49 (4th Cir. 2003); *Modrowski*, 322 F.3d at 967-68); *see also Socha*, 763 F.3d at 685 ("The Supreme Court has identified some type of errors (such as miscalculation of a deadline) that do not warrant relief [for poor legal representation]; it

6

calls them 'garden variety' claims of excusable neglect, meaning that these errors are too common to be called 'extraordinary.' "). Parties are bound by the erroneous acts of their attorney and those acts are not external obstacles beyond the party's control. *See Lombardo*, 860 F.3d at 552 (citing *Maples v. Thomas*, 565 U.S. 266, 280-82 (2012); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990); *Johnson v. McBride*, 381 F.3d 587, 589-90 (7th Cir. 2004); *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)); *see also Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005) (" '[A]ttorney misconduct, whether labeled negligent, grossly negligent, or willful, is attributable to the client' and thus is not a circumstance beyond a petitioner's control that might excuse an untimely petition."); *Consumers Health Information Corp. v. Amylin Pharmaceuticals, Inc.*, 54 F. Supp. 3d 1001, 1011 (S.D. Ind. 2014) ("The Seventh Circuit has expressly rejected attempts by a party to invoke its own attorney's misconduct and/or negligence as a basis for equitable tolling, finding that attorney conduct is attributable to the client."). As such, it was ultimately Petitioner's responsibility to timely file the Petition. *See Pigram*, 182 F. Supp. 3d at 864-65; *see also Modrowski*, 322 F.3d at 968 ("[P]etitioners bear ultimate responsibility for their filings, even if that means preparing duplicative petitions: petitioners, 'whether in prison or not, must vigilantly oversee the actions of their attorneys and, if necessary, take matters into their own hands.' "); *accord Trice v. Hulick*, 558 F. Supp. 2d 818, 822 (N.D. Ill. 2008).

For the foregoing reasons, the Motion is **GRANTED** and the case is **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

Since Petitioner is a state prisoner, he does not enjoy an absolute right to appeal. *See Buck v. Davis*, 580 U.S. 100, 115 (2017). He must obtain a certificate of appealability,

which may issue only if Petitioner made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(1)(A), (2); *see also* Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("[T]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Petitioner must show "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed." *See Buck*, 580 U.S. at 115. If a petition is dismissed on procedural grounds, without consideration of the merits, the petitioner must show jurists of reason would find it debatable whether he or she stated a valid claim for the denial of a constitutional right *and* that the Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *accord Peterson v. Douma*, 751 F.3d 524, 530-31 (2014). Here, the Petition was filed after the time allowed by the one-year limitations period, and Petitioner has not shown he is entitled to an equitable tolling. The Court **FINDS** jurists of reason would not disagree with this conclusion. Therefore, a certificate of appealability is **DENIED**. *See Owens v. Boyd*, 235 F.3d 356, 358 (7th Cir. 2000) ("Whether a given petition is timely is a question under § 2244, not under the Constitution, and therefore an error in treating a collateral attack as untimely is not enough to support a certificate of appealability); *accord Pigram*, 182 F. Supp. 3d at 866.

**SO ORDERED.**

Dated: August 21, 2023

s/ *David W. Dugan*
———————————
DAVID W. DUGAN
United States District Judge